## JOHNSON ET AL *v.* WILKINS.

[68 South. 854.]

DESCENT AND DISTRIBUTION. *Heirs. Liability of.*

    The fact that defendants were the heirs at law of decedent does not, of itself, alone, render them personally liable for his debts incurred in the purchase of land.

APPEAL from the circuit court of Copiah county.

HON. H. CASSEDY, Special Judge.

Suit by G. W. Wilkins against B. F. Johnson. On defendant's death, suit was revived against his heirs. From a judgment for plaintiff, defendant's heirs · appeal.

The facts are fully stated in the opinion of the court.

*R. N. & H. B. Miller,* for appellant.

B. F. Johnson, the defendant, died, leaving Mrs. Serena Johnson as his widow and B. F. Johnson, Jr., and W. F. Johnson, Troy Johnson and Bessie Johnson and Irene Johnson his children and heirs at law. The plaintiff, Mr. Wilkins, filed a motion suggesting the death of the defendant, B. F. Johnson, and asking a revival of the case in the name of his heirs at law above named. See motion and order of the court on it on pages 6 & 7 of record.

In fact the court never did make any order on the motion to revive at all but a summons merely issued commanding Mrs. Serena Johnson the widow and heirs of B. F. Johnson deceased, to come in and defend. See summons on page 7 of record. There never was in fact any order reviving the case at all, but if there had been, it certainly could never be revived against the dead defendant's heirs at law. They were in no

manner bound for his debts the debts of their dead father, if he owed Wilkins anything. The plaintiff proceeded to try the case as if the heirs were bound for the debt. Of course the case could only have been revived against B. F. Johnson's personal representative, his administrator. The record will show the above facts to be true. The proof showed that these appellants, widow and children had nothing on earth to do with the litigation, were never connected with it in any way, but if anyone was due Wilkins anything it was due by B. F. Johnson deceased, and a judgment could only be rendered against his administrator in his representative capacity.

We have contented oureslves with assigning for error the single fact that as heirs at law we were in no manner bound to Wilkins for what he was suing for. At common law there could be no revivor except by *scire facias.* I mean of actions that survived.

The statute must be looked to and we find that neither section 724, or section 2093, Code 1906, were pursued. This case could not be revived under section 724 at all. That section provides that in proper cases the heirs etc. of a dead plaintiff might come and ask revival—but of course it is not the case at bar.

The only section of the statutes under which this case could have possibly been revived was section 2092 which provides in case like this the cause of action may be revived against the personal representative of the deceased defendant. Our motion to exclude and for a peremptory charge on page 52 ought to have been sustained.

This was not done and a sham battle was fought out in the court below ending in a judgment against B. F. Johnson Jr., in his personal capacity and this was amended without notice as shown by the record to embrace the widow and all the heirs at law of B. F. Johnson, deceased. This case ought promptly to be

reversed and the judgment and suit dismissed unless it be true that a dead man's heirs and widow are liable at law for his debts.

*H. T. Millsaps,* for appellee.

It is true as contended by counsel for appellants that the heirs of the deceased did not inherit his debts but it is equally true that they did inherit this Wilkins land with a vendor's lien on it, the purchase money and in this case as is the case in all solvent estates the result reached is the same without regard as to what process of course is pursued—the debt is paid out of funds belonging to the heirs.

If the course pursued was error, it was a harmless one, and the appellants were just as much at fault, as the appellee as they acquiesced in the course pursued and I take it that under the authority of the above statute cited and rule number 11 of this court the judgment will be affirmed.

SMITH, C. J., delivered the opinion of the court.

This suit was instituted in the court below by appellee to recover of B. F. Johnson a balance alleged to be due on the purchase money of certain lands sold by appellee to Johnson. While the suit was pending Johnson died, whereupon a motion was filed by appellee, suggesting the death of Johnson, and requesting that the suit be revived in the name of his heirs at law, naming them, the appellants herein. No order seems to have been entered on this motion, but a summons was issued for appellants, who waived service thereof, entered their appearance, and filed a plea of *non assumpsit.*

The evidence tended to prove simply a sale of land by Wilkins to Johnson in his lifetime and a balance due by Johnson therefor. On this evidence the court erron-

eously refused to grant appellants a peremptory instruction. The fact that appellants are the heirs at law of Johnson does not, of itself, alone, render them personally liable for his debts.

Reversed, and judgment here for appellants.

*Reversed.*